UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



*********************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 12-30056-RAL |
| Plaintiff, | * | |
| | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER DENYING MOTION |
| | * | TO SEVER COUNTS |
| BARRY ALLMAN, | * | |
| Defendant. | * | |

*********************************************************************

## INTRODUCTION

Barry Allman has moved to sever his prohibited person offense (charging him with being a convicted domestic violence offender in possession of a firearm) from his assault and other firearm offenses. He claims that the prohibited person offense was improperly joined and that the failure to sever it will deprive him of a fair trial. The Court disagrees, believing that severance – and with it, bifurcated trials – is not required.

## FACTUAL BACKGROUND

Originally, Allman was charged by criminal complaint and then by indictment with one count of assault with a dangerous weapon, two counts of assault resulting in serious bodily injury and one count of discharging, brandishing, carrying or possessing a firearm during and in relation to a crime of violence. Later, a superseding indictment was filed charging him with the additional offense of being a prohibited person in possession of a

firearm in violation of 18 U.S.C. §922(g)(9). A pistol, the linchpin of both firearm offenses, is alleged to have been used in the three assaults. The indictment says that Allman committed all five offenses "on or about . . . the 3rd day of May, 2012, at Parmelee, in Todd County, . . . in the District of South Dakota . . . ."

## DISCUSSION

The prohibited person count was properly joined under Federal Rule of Criminal Procedure 8 because Allman's possession of the pistol was temporally and logically connected to the other four offenses charged.[1] The pistol in question, by Allman's own admission, was an integral part of his plan to quell a verbal confrontation from escalating into an all out physical fight. The plan included the use and discharge of a firearm that he supposedly was banned from being in possession of. In the process, he is said to have shot and injured two people and threatened a third one with the same firearm. With all five offenses being inextricably linked by and through a handgun, joinder of them was warranted.[2]

Rule 14 of the Federal Rules of Criminal Procedure provides that a court may order separate trials of counts or grant a severance if it appears that a defendant will be prejudiced by a joinder of offenses. The prejudice must be "severe" before severance and

---

[1] *See United States v. Johnson*, 462 F.3d 815, 822 (8th Cir. 2006), *cert. denied*, 549 U.S. 1298 (2007); *United States v. Taylor*, No. 05-3384, 2006 WL 1069545 (8th Cir. Apr. 24, 2006); *United States v. Boyd*, 180 F.3d 967, 981-82 (8th Cir. 1999); *see also United States v. Johnson*, No. CR-07-50127AWB, 2008 WL 2845639 at **2-3 (D.S.D. July 18, 2008).

[2] *See Boyd*, 180 F.3d at 982.

2

bifurcated trials will be granted.³ "Only in an unusual case . . . will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder."⁴ Even when offenses are improperly joined, severance is called for only if the misjoinder is likely to result in actual prejudice, that is, the misjoinder will have a substantial and injurious effect or influence on the verdict.⁵

There are a number of factors that bear on and lessen any risk of prejudice to Allman. Evidence about the pistol that Allman had in his possession would be admissible in a trial without the prohibited person count because such evidence also relates to the other, properly joined, firearm offense.⁶ And evidence concerning the prohibited person offense, because it involves the identical pistol used in the assault offenses, would likely be admissible in a separate trial on those offenses.⁷ Indeed, as Forrest Gump might say, assaults and guns go together like peas and carrots. To be sure, if every defendant charged

---

³*See United States v. Erickson*, 610 F.3d 1049, 1055 (8th Cir. 2010); *United States v. Rock*, 282 F.3d 548, 552 (8th Cir. 2002).

⁴*United States v. Huggans*, 650 F.3d 1210, 1221 (8th Cir. 2011) (*quoting United States v. Kirk*, 528 F.3d 1102, 1107 (8th Cir. 2008)), *cert. denied*, 132 S.Ct. 1583 (2012).

⁵*Huggans*, 560 F.3d at 1221 (*quoting United States v. Al-Esawi*, 560 F.3d 888, 891-92 (8th Cir. 2009)).

⁶*See Rock*, 282 F.3d at 552; *United States v. Felici*, 54 F.3d 504, 506 (8th Cir.), *cert. denied*, 516 U.S. 897 (1995).

⁷*See* Fed. R. Evid. 404(b) (stating that evidence of other crimes, though not admissible to prove the defendant's criminal character, may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident); *see also United States v. James*, 564 F.3d 960, 963 (8th Cir.) (explaining that Rule 404(b) is a rule of inclusion rather than exclusion), *cert. denied*, 130 S.Ct. 433 (2009).

3

with assaultive activities was entitled to bifurcation on any prohibited person charge, separate trials would cut deeply into already scarce judicial resources.

Even if evidence of Allman's prior misdemeanor domestic violence conviction is not admissible on the assault and remaining firearm offense, any possible prejudice from its admission in this case can be lessened by the method of proof used. The Government can simply read a bare bones stipulation that Allman was convicted under SDCL 22-18-1 of a misdemeanor crime of domestic violence on March 25, 2011 in Pennington County. Nothing about the facts and circumstances surrounding the conviction, the name of the victim or the sentence received need be introduced. Courts have approved this procedure as a proper one to minimize the prejudicial effect of a defendant's prior criminal conviction on other charges.[8]

In addition to not allowing any testimony on the underlying domestic violence conviction, any potential prejudice can be further limited through a court instruction to the jury that it consider the prior domestic violence conviction only in determining whether Allman committed the prohibited person offense.[9] One or more cautionary instructions to this effect will help the jury to compartmentalize the evidence and stave off the possibility

---

[8] *See Old Chief v. United States*, 519 U.S. 172, 186-92 (1997); *United States v. Bolden*, 545 F.3d 609, 620-21 (8th Cir. 2008), *cert. denied*, 130 S.Ct. 796 (2009); *Rock*, 282 F.3d at 552; *United States v. Rogers*, 150 F.3d 851, 856-57 (8th Cir.); *United States v. Brown*, 70 F.3d 979, 980 (8th Cir. 1995), *cert. denied*, 517 U.S. 1114 (1996); *Felici*, 54 F.3d at 506.

[9] *See Bolden*, 545 F.3d at 621; *Rogers*, 150 F.3d at 857.

that evidence of one crime will be used to infer guilt on other crimes or that evidence will be cumulated to find Allman guilty on all crimes.

This is not an overly complex case where the jury may have some difficulty separating the evidence. Also, a good portion of the Government's proof overlaps, namely, that sometime around May 3, 2012, in Parmelee, Todd County, South Dakota, Allman knowingly possessed a .9 millimeter pistol. What's more, in the event that severance of the prohibited person count is granted, the Government will only have two additional elements to prove up at a separate trial, those being, the existence of Allman's misdemeanor domestic violence conviction in state court and the shipment and transportation of the pistol in interstate commerce.

Given the circumstances present and the safeguards available to minimize any undue prejudice, the Court is satisfied that Allman can still receive a fair trial without having to sever the §922(g)(9) offense from the superseding indictment. The Eighth Circuit has previously upheld the denial of motions to sever prohibited person charges in numerous cases.[10] Allman's situation is no different than that faced by other similarly

---

[10]*See e.g. Rock*, 282 F.3d at 552; *United States v. Kind*, 194 F.3d 900, 906 (8th Cir. 1999), *cert. denied*, 528 U.S. 1180 (2000); *Rogers*, 150 F.3d at 856-57; *Brown*, 70 F.3d at 980 ; *see generally* 1A Charles Alan Wright & Andrew D. Lipold, *Federal Practice and Procedure*, §222, n. 18 (4th ed. 2008 & 2012 Supp.).

situated defendants who were denied severance.[11] The result in this case should be the same.

## CONCLUSION

Joinder was permissible under Rule 8. Regardless, Allman has not shown that he will be unfairly prejudiced if severance is not granted. Any prejudice to him that may exist by virtue of the prohibited person offense being included with the assault and other firearms offenses can be vitiated with a generic stipulation, well-drafted jury instructions or severance at a later time should clear prejudice become readily apparent. There being no compelling grounds in this record for the relief prayed for, it is hereby

ORDERED that Allman's Motion to Sever Counts for Trial[12] is denied, without prejudice.

Dated this 22nd day of August, 2012, at Pierre, South Dakota.

BY THE COURT:

*/s/ Mark A. Moreno*

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

[11]*See and compare Rock*, 282 F.3d at 552; *Kind*, 194 F.3d at 906; *Rogers*, 150 F.3d at 856-57; *Felici*, 54 F.3d at 506 *with United States v. Aldrich*, 169 F.3d 526, 529 (8th Cir. 1999).

[12]*See* Docket No. 42.